UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REVELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GRANT MONEY, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-05994-TLT<br><br>**QUESTIONS RE: OCTOBER 21, 2025 HEARING ON MOTION TO COMPEL ARBITRATION**<br><br>Dkt. Nos. 31, 32. |

**I.     REQUEST FOR JUDICIAL NOTICE/INCORPORATION BY REFERENCE [FRE 201]**

1. <u>To Plaintiff</u>: In ECF 32, Defendants request that the Court incorporate by reference Exhibit 1 to the Declaration of Jennifer Bell in support of Defendants' Motion to Stay Individual Claims in Favor of Arbitration and to Strike Class Claims ("Bell Decl."). Does Plaintiff oppose this request?

    a. Discuss whether Exhibit 1 is a true and correct copy of the Customer Agreement Plaintiff saw when he signed up with Defendants' mobile application?

**II.    CONCESSIONS/NARROWING OF THE ISSUES**

1. <u>To Both Parties</u>: Discuss whether Plaintiff agreed to the terms of the Customer Agreement, Bell Decl., Ex. 1, when signing up to use Defendants' mobile application? *See* ECF 1-2 ¶ 101.

    a. If so, provide the date in which Plaintiff agreed to the terms in the Customer Agreement?

2. <u>To Plaintiff</u>: Plaintiff alleges that he paid subscription fees. *See* ECF 1-2 ¶ 97.

    a. Does Plaintiff also allege that Plaintiff paid expedite fees?

    b. In answering this question, please cite to Plaintiff's complaint.

### III. ENFORCEABILITY OF THE ARBITRATION AGREEMENT [10 U.S.C. §987]

1. <u>To Both Parties</u>: The MLA states that "It shall be unlawful for any creditor to extend consumer credit to a covered member . . . with respect to which . . . the creditor requires the borrower to submit to arbitration or imposes onerous legal notice provisions in the case of a dispute." 10 U.S.C. § 987(e)(3).  The MLA also states that "[n]otwithstanding section 2 of title 9, or any other Federal or State law, rule, or regulation, no agreement to arbitrate any dispute involving the extension of consumer credit shall be enforceable against any covered member." *Id.* § 987(f)(4).

    a. The arbitration agreement in the Customer Agreement provides customers with a 30-day period during which they may opt-out of the arbitration agreement. *See* Bell Decl., Ex. 1 at 18.  If parties do not opt-out during this period, the parties are then bound to arbitrate "any and all past, present or future disputes, claims or controversies that have arisen or may arise between you and the Company." *Id.* ¶ 26.  With this in mind, does the arbitration agreement "require" arbitration, pursuant to 10 U.S.C. § 987(e)(3)?  Why or why not.

    b. Discuss whether the arbitration agreement between the Parties form when Plaintiff accepted the terms of the Customer Agreement and created an account on the Oasis application, ECF 31 at 3, or did the arbitration agreement between the Parties form at the end of the 30 day opt-out period?

2. <u>To Both Parties</u>: The MLA applies to the extension of "consumer credit."  10 U.S.C. §§ 987(e)(3), 987(f)(4).  The MLA implementing regulations define consumer credit as "credit offered or extended to a covered borrower primarily for personal, family, or household purposes, and that is: (i) Subject to a finance charge; or (ii) Payable by a written agreement in more than four installments." 32 C.F.R. § 232.3(f)(1).  Credit is defined as "the right granted to a consumer by a creditor *to defer payment of debt or to incur debt and defer its payment*." 32 C.F.R. § 232.3(h) (emphasis added).

    a. Discuss whether the definition of "debt" require a legally enforceable obligation to

2

repay? Why or why not?

    i. In answering this question, please cite to binding and persuasive caselaw.

  b. Is the fact that Defendants may enforce an obligation to repay through pre-authorized debits sufficient to render Defendants' earned wage advance product "credit"? Why or why not.

3. <u>To Both Parties</u>: Finance charges include charges "imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit." 12 C.F.R. § 1206.5.

  a. Please discuss the arguments for and against finding that a charge must be mandatory for it to be "incident to" the extension of credit.

    i. In answering this question, please cite to binding and persuasive caselaw.

### IV. SCOPE OF THE ARBITRATION AGREEMENT

1. <u>To Both Parties</u>: Assuming, *arguendo*, the Court finds that the MLA prohibits the arbitration agreement in the Customer Agreement.

  a. If so, discuss whether Plaintiff's MLA claim can or cannot be compelled to arbitration?

2. <u>To Defendants</u>: The MLA states that "no agreement to arbitrate *any dispute involving the extension of consumer credit* shall be enforceable against any covered member." 10 U.S.C. § 987 (f)(4) (emphasis added).

  a. Please discuss the arguments for compelling Plaintiff's Truth in Lending Act and Georgia Payday Loan Act claims to arbitration.

The Parties are ordered to submit written responses by <u>Tuesday, October 14, 2025</u>. Additional questions may be posed at the hearing. The parties are restricted to a 3-page response with citations.

IT IS SO ORDERED.

Dated: October 9, 2025

TRINA L. THOMPSON
United States District Judge